ANDREW R. HADEN
Attorney for the United States
Acting under Authority Conferred by 28 U.S.C. § 515
JOSEPH S. GREEN (Cal. Bar No. 251169)
GEORGE V. MANAHAN (Cal. Bar No. 239130)
JOSHUA C. MELLOR (Cal. Bar No. 255870)
Assistant United States Attorneys
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-6955
Email: joseph.green@usdoj.gov

Attorneys for United States of America


Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 8:21-CR-0112-JLS |
| Plaintiff, | |
| v. | GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION TO EXCLUDE CO-CONSPIRATOR STATEMENTS OR REQUIRE AN AMENDED PROFFER |
| BRIAN JAVAADE MESHKIN (1), DANIEL RONALD KENDALL (5), ABRAHAM ALAN CHERRICK (6), LESTER ALAN ZUCKERMAN (7) ASSAF TZUR GORDON (8), OSSAMA ANTOINE JAWHAR (9), | Judge: Hon. Josephine L. Staton Date: December 15, 2022 Time: 10:30 a.m. Place: Courtroom 8A Time Est: 10 min. |
| Defendants. | |

1

## I.    INTRODUCTION

On November 9, 2022, the Court entered an order directing the United States to "proffer[] co-conspirator statements and its position as to their admissibility as to each defendant" by November 21, 2022. ECF 195. Following the issuance of the order, the United States conducted a review of the evidence that it intends to present at trial to identify evidence that it intends to admit as co-conspirator statements, pursuant to Fed. R. Crim. P. 801(d)(2)(E). Following this review, the United States identified such statements for the defendants on November 21, 2022, the date set by the court.

The statements identified by the United States fall into three categories.

### A.    Email

First, the United States intends to introduce statements made by the defendants themselves and nine other co-conspirators which appear in email messages. The bulk of the email messages (approximately 90 email messages) are communications by the defendants who are going to trial in January. These email messages include the ones identified as Overt Acts of Count 1 of the Indictment, specifically Overt Acts 4-16, and other messages reflecting the defendants' participation in the conspiracy.

The remaining approximately 50 email messages include statements by other individuals that the government intends to admit as co-conspirator statements.[1] These individuals include Donald Joseph

---

[1] Some of these statements may also be admissible under other grounds, including Fed. R. Crim. P. 801(d)(2)(D) (statements by a party's agent or employee).

Matthews, who pleaded guilty to this scheme in a related case[2]; Kirt Pfaff, Steve Fichtelberg, and Bruce Gardner, who were originally charged in this indictment; former Proove employees Rhonda Smith, Callie Seaman[3]; and former National Spine and Pain Center employees Ray Figueroa, Debra Helmer, and Christine Lam.

### B.   Recordings

Second, the United States identified two audio recordings that it intends to introduce at trial. The first recording is of defendant Brian Meshkin and is Overt Act No. 1 of Count 1 of the Indictment. In the recording, Meshkin explained to two medical marketers that Proove would be able to get doctors to order Proove's genetic tests because "off the record, we pay the doctors more."

The second recording, which constitutes Overt Act 2 of Count 1 of the Indictment, is of Bruce Gardner, a former Proove executive who was originally charged in this case. In this recording, Gardner told a doctor that "all you have to do is order the test" to get the $150 payment from Proove, and that the Proove did not care if the provider never used the test report or even threw it "in the trash."

### C.   Anticipated Witness Testimony

Third, the United States anticipates that some of its witnesses will testify as to statements made by the defendants during the conspiracy. For these witnesses, the United States referred defendants to the reports of the interviews of these witnesses which provide a summary of their prior statements to investigators and anticipated testimony.

---

[2] *United States v. Donald Joseph Matthews*, 20CR1933-WQH (U.S. District Court for the Southern District of California).

[3] Callie Seaman was mistakenly identified as Callie Smith in the government's notice.

2

## II.   The United States Has Provided a Sufficient Proffer to Allow Defendants to Challenge the Admissibility of This Evidence

The United States has provided defendants with a clear roadmap of the evidence that it intends to present at trial, including the statements that it intends to introduce as co-conspirator statements. The United States produced its witness and exhibit list to defendants on August 25, 2022, five months before our present trial date, and identified evidence that it intends to introduce as co-conspirator statements on November 21, 2022. When considered together with the 16-page detailed indictment in this case, the defendants have been sufficiently apprised of the co-conspirator statements, and other evidence that supports their admission, to allow them to evaluate a motion to exclude such evidence.

Defendants argue that the government's notice "does not sufficiently define the scope of the conspiracy the government intends to prove at trial." ECF 202 at 4. The United States is puzzled by this contention as the scope of the conspiracy that the United States intends to prove is the one charged in the indictment. As this Court previously ruled, "Defendants are all charged with the same conspiracy . . . ." ECF 182 at 6-7. "[T]he manner and means of the charged conspiracy allege a common, over-arching conspiracy led by the Proove Defendants, and joined by the doctor Defendants." ECF 182 at 7, footnote 2. Furthermore, the Court indicated that "because all defendants are bound together by the conspiracy charge, there is not likely to be evidence as to any one defendant that is not also admissible to other defendants." ECF 182 at 7.

Next, defendants argue that the government did not provide a proffer of any evidence supporting the conclusion that the other non-

defendant co-conspirators had the requisite criminal intent to be considered co-conspirators with the doctor Defendants. Here again, the United States believes that the defendants are on notice of the evidence that shows these individuals participated in the conspiracy.

For example, Donald Joseph Matthews pleaded guilty to participating in this criminal scheme, and Bruce Gardner was captured on a recording telling medical providers that physicians merely needed to order the test to earn $150 from Proove. The remaining individuals all are former Proove and NSPC employees who participated in various aspects of the conspiracy described in Count 1 of the Indictment, including creating falsified times sheets, completing "clinical research" forms that were supposedly being completed by the doctors, and "grading" doctors based upon the volume of tests they referred to Proove. Notwithstanding the fact that the government believes that the defendants are on notice as to the evidence of these individuals' participation in the scheme, the government is open to providing a summary of the evidence demonstrating that each of these individuals participated in the conspiracy, if directed.[4]

Next, defendants argue that the government did not identify the statements with sufficient specificity for the defendants to evaluate for their potential motion to exclude. The United States disagrees. The statements are those of the defendants or the nine other co-

---

[4] The United States notes that because these individuals were Proove and NSPC employees who worked at the direction of the defendants charged in this case, their statements are alternatively admissible as statements made by a party's agent or employee. Fed. R. Ev. 801(d)(2)(D). Rule 801(d)(2)(D) has no requirement that the party was acting with criminal intent, rather it is sufficient that the party was acting as the agent or employee of the party against whom the statement is being admitted. *Id.* Additionally, certain statements may also be admissible under Rule 801(d)(2)(C) (statements made by a person authorized to make a statement on the subject).

conspirators and these statements are readily identifiable in the email produced by the government.

Finally, with respect to the anticipated witness testimony, unlike with email, the United States does not know with complete certainty what the witnesses will testify to at trial. However, we have provided the reports for the witnesses who we expect to testify about statements made by the defendants during the course of the conspiracy. This provides the defendants with notice to bring any motions to exclude based upon the witnesses' anticipated testimony.

**III. CONCLUSION**

For the reasons stated above, the United States respectfully requests that the Court deny the defendants' motion.

Dated: December 2, 2022         Respectfully submitted,


                                ANDREW R. HADEN
                                Attorney for the United States

                                /s/ Joseph S. Green
                                JOSEPH S. GREEN
                                GEORGE V. MANAHAN
                                JOSHUA C. MELLOR
                                Assistant United States Attorneys

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA